UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BANK OF AMERICA, N.A, in its
capacity as former trustee under the
Tibstra Exempt Trust f/b/o Lawrence
Tibstra created under the Restatement
dated August 29, 1994 of the Thomas
Tibstra Trust,

    Plaintiff,

v.                                                      CASE NO.:

STEPHEN G. TIBSTRA, individually
and as guardian of his minor children
 M.T. and C.T.; LAWRENCE TIBSTRA;
LAURA TIBSTRA; and JEFFREY TIBSTRA,
individually and as guardian of his minor
children K.T., K.T., C.T., and K.T.,

    Defendant.
_____/

**COMPLAINT FOR SETTLEMENT OF ACCOUNTS AS FORMER TRUSTEE**

Plaintiff Bank of America, N.A. (the "Bank" or "Plaintiff"), as former trustee of the Tibstra Exempt Trust f/b/o Lawrence Tibstra created under the Restatement dated August 29, 1994 of the Thomas Tibstra Trust (the "Exempt Trust"),[1] by its undersigned counsel, files this Complaint for Settlement of Accounts as former trustee, and states as follows:

---

[1] A true and correct copy of the Exempt Trust is attached hereto as Exhibit A.

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action to approve the Bank's accounts and releasing and discharging the Bank from any and all liability as former trustee of the Exempt Trust.

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because: (i) complete diversity exists between Plaintiff and Defendants; and (ii) the amount in controversy exceeds $75,000.00.

3. This Court has proper jurisdiction because the fiduciary exception to federal jurisdiction does not apply to *inter vivos* trusts such as the Exempt Trust under the circumstances, and no other exception bars federal jurisdiction.

4. Bank of America, N.A., a wholly owned subsidiary of Bank of America Corporation, is a national banking association organized under the laws of the United States with its main office in Charlotte, North Carolina.  Thus, BANA is a citizen of North Carolina for purposes of diversity.  *See* 28 U.S.C. § 1348; *see also Arthur v. JP Morgan Chase Bank, NA*, 569 Fed. App'x 669, 673 (11th Cir. 2014).  BANA is a former trustee of the Exempt Trust.

5. Defendant Stephen G. Tibstra ("Stephen") is a current beneficiary of the Exempt Trust.  Stephen's two minor children, M.T. and C.T. ("Stephen's Children") are also beneficiaries of the Exempt Trust.  Upon information and belief, Stephen and Stephen's Children are citizens of the State of Florida, residing in Lake County, Florida. Stephen has authority to represent his Children under applicable law.

6. Other beneficiaries of the Exempt Trust include: (i) Lawrence Tibstra; (ii) Laura Tibstra; (iii) Jeffrey Tibstra; and (iv) Jeffrey Tibstra's four minor children (K.T., K.T., C.T.,

and K.T.) (collectively, "Other Beneficiaries"). Upon information and belief, Defendants Lawrence Tibstra and Laura Tibstra are citizens of the State of Florida, residing in Collier County, Florida. Upon information and belief, Defendant Jeffrey Tibstra and his minor children are citizens of the State of Illinois.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Stephen and his Children reside in in this District.

## GENERAL ALLEGATIONS

8. On or about August 18, 2006, the Bank accepted service as the sole successor trustee of the Exempt Trust in accordance with the terms of the Exempt Trust.

9. On or about November 28, 2006, the Bank received the first assets of the Exempt Trust from the prior trustee, JP Morgan Chase & Company.

10. On May 31, 2019, the Bank resigned as trustee of the Exempt Trust. A true and correct copy of the Bank's resignation is attached hereto as Exhibit B.

11. On or about October 9, 2019, Bessemer Trust Company ("Bessemer") accepted appointment as successor trustee of the Exempt Trust.[2]

12. By the end of December 2019, the Bank had transferred a majority of the assets of the Exempt Trust to Bessemer, in its capacity as successor trustee. The Bank retained a reserve of approximately $200,000 in order to wrap up its duties as former trustee, including to the extent that it needed to prepare and file a formal accounting to judicially settle the Bank's account of the Exempt Trust.

---

[2] Bessemer has subsequently resigned as successor trustee of the Exempt Trust. As of September 4, 2020, no successor has been nominated or accepted appointment as successor Trustee.

13. In connection with the Bank's resignation as trustee and transfer of the majority of assets of the Exempt Trust, each of the Other Beneficiaries (individually or through their authorized legal representative), executed a Release and Indemnification Agreement and Waiver of Accounting (collectively, the "Waivers"). True and correct copies of the Waivers are attached hereto as Composite Exhibit C.

14. As set forth in the Waivers, the Other Beneficiaries, among other things: (i) released and discharged the Bank of all liabilities and claims against the Bank in connection with the administration of the Exempt Trust; (ii) acknowledged the right to an account of the Bank's actions as former trustee of the Trust; (iii) waived the right to any accounting or judicial settlement of the Bank's account as former trustee of the Exempt Trust; and (iv) consented to a judgment without notice settling the Bank's account of the Exempt Trust.

15. Stephen declined to sign a Waiver on behalf of either himself or his Children.

## COUNT I FOR JUDICIAL SETTLEMENT OF TRUSTEE'S ACCOUNTING

16. The Bank realleges and incorporates the allegations of paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. This is an action seeking judicial settlement of the Bank's final accounting as former trustee of the Exempt Trust.

18. Specifically, the Bank seeks a judicial settlement of its final accounting from November 28, 2006 (the date it received assets from JP Morgan Chase & Company) through June 30, 2020 (the "Final Accounting"). A true and correct copy of the Bank's Final Accounting is attached hereto as Exhibit D.

19. As reflected on the Final Accounting, as of June 30, 2020, the Bank continues to hold $200,919.24 as a reserve necessary to conclude its actions as former trustee.

20. Upon judicial settlement of the Final Accounting, the Bank will transfer to the appropriate party any remaining assets of the Exempt Trust less any reasonable fees and fiduciary compensation due to the Bank.

WHEREFORE, BANA, as former trustee of the Exempt Trust, requests this Court enter an order:

(i) Judicially settling the Bank's Final Accounting as former trustee of the Exempt Trust;

(ii) Discharging the Bank in its corporate and fiduciary capacities from any and all liability as former trustee of the Exempt Trust;

(iii) Directing the Bank to transfer any remaining assets of the Exempt Trust, less the amount of the Bank's reasonable fees and fiduciary compensation, to Bessemer or the then current successor trustee of the Exempt Trust; and

(iv) Granting such other and further relief as the Court may deem just and proper.

Dated: December 11, 2020  **MCGUIREWOODS LLP**

By:   */s/ Kimberly T. Mydock*
     R. Eric Bilik (FL Bar No. 987840)
     Primary E-Mail: ebilik@mcguirewoods.com
     Secondary E-Mail: jaiken@mcguirewoods.com
     Kimberly T. Mydock (FL Bar No. 0100571)
     Primary Email: kmydock@mcguirewoods.com
     Secondary Email: sjerreld@mcguirewoods.com
     Sean P. Walsh (FL Bar No. 0113162)
     Primary Email: swalsh@mcguirewoods.com
     Secondary Email: jaiken@mcguirewoods.com
     50 North Laura Street, Suite 3300
     Jacksonville, Florida 32202
     (904) 798-3200
     (904) 798-3207 (fax)

*Attorneys for Plaintiff Bank of America, N.A., in its capacity as former trustee under the under the Tibstra Exempt Trust f/b/o Lawrence Tibstra created under the Restatement dated August 29, 1994 of the Thomas Tibstra Trust*